UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL VAZQUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:17-cv-1646- JLT<br><br>ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 24) |

Brian Shapiro, counsel for Plaintiff Miguel Vazquez, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 24) Neither Plaintiff nor the Commissioner of Social Security oppose the motion.[1]  For the following reasons, the motion for attorney fees is **GRANTED**.

**I.      Relevant Background**

Plaintiff entered into a contingent fee agreement with the Law Offices of Lawrence D. Rohlfing on November 20, 2017.  (Doc. 24-1) The agreement entitled counsel to an award of "25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court," if judicial review of an administrative decision was required, and the adverse decision of an ALJ was reversed. (*Id.* at 1) (emphasis omitted) The agreement also indicated Court approval would be sought for counsel's fees under the Equal Access to Justice Act.  (*Id.*)

---

[1] The Commissioner filed a response to the motion, in which he indicated that because he "was not a party to the contingent-fee agreement between Counsel and Plaintiff," he was "not in a position to either assent to or object to the §406(b) fees that Counsel seeks." (Doc. 25 at 1-2)

On December 8, 2017, Plaintiff filed a complaint for review of the administrative decision denying his application for Social Security benefits. (Doc. 1) Following briefing by the parties, the Court determined the administrative law judge failed to identify legally sufficient reasons for rejecting limitations identified by Plaintiff's treating physician. (Doc. 20 at 9-13) Therefore, the Court remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on February 22, 2019. (*Id.* at 13-14) The parties stipulated to the award of fees, and the Court awarded $4,000.00 in fees under the Equal Access to Justice Act to Plaintiff, pursuant to the terms in the stipulation. (Docs. 22, 23)

Following the remand, an ALJ issued a "Fully Favorable Supplemental Security & Partially Favorable Child's Disability Benefits" decision on November 25, 2019. (Doc. 24-2 at 1) The ALJ found Plaintiff "has been under a disability, as defined in the Social Security Act for supplemental security, since March 1, 2011." (*Id.* at 17) The ALJ also found he "was eligible for child disability benefits since June 27, 2011." (*Id.*) Following the ALJ's decision, the Social Security Administration concluded Plaintiff was entitled to monthly benefits beginning September 2014. (Doc. 24-3 at 1, 3) In total, Plaintiff was entitled to $57,713.12 in past-due supplemental security income. (*Id.* at 2)

On May 13, 2020, Mr. Shapiro filed the motion now pending before the Court, seeking an award of $14,428.00 in attorney's fees. (*See* Doc. 24 at 1) Plaintiff was served with the motion and informed of the right to file a response, to indicate whether he agreed or disagreed with the requested fees. (*Id.* at 2, 11) Plaintiff has not opposed the motion.

## II.     Attorney Fees under Section 406(b)

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable by the Court if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535

2

U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

### III.     Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

Plaintiff entered into the contingent fee agreement in which he agreed to pay twenty-five percent of any awarded past-due benefits. (Doc. 24-1 at 1) The Law Offices of Lawrence D. Rohlfing accepted the risk of loss in the representation and expended a total of 22.4 hours while representing Plaintiff before the District Court. (Doc. 24 at 5, Shapiro Decl. ¶ 5; Doc. 24-4 at 1-2) Due to counsel's work, the action was remanded further proceedings, and Plaintiff received a fully favorable decision for supplemental security income. For this, Mr. Shapiro requests a fee of $14,428.00. (Doc. 32 at 1) Because $4,000.00 was previously paid under the EAJA, the net cost to Plaintiff is $10,428.00. (*Id.*) Finally, though served with the motion and informed of the right to oppose the fee request (*id.* at 2, 11), Plaintiff did not file oppose the request and thereby indicates his implicit belief that the request for fees is reasonable.

Significantly, there is no indication that counsel performed in a substandard manner or engaged in severe dilatory conduct. Plaintiff was able to secure a remand for payment of benefits following his appeal, including an award of past-due benefits beginning September 2014. Finally, the fees requested do not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b).

### IV.     Conclusion and Order

Based upon the tasks completed and results achieved following further proceedings, the Court finds the fees sought by Mr. Shapiro and the Law Offices of Lawrence D. Rohlfing are reasonable.

Accordingly, the Court **ORDERS**:

1. Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $14,428.00 is **GRANTED**;
2. The Commissioner shall pay the amount directly to Counsel, the Law Offices of Lawrence D. Rohlfing; and
3. Counsel **SHALL** refund $4,000.00 to Plaintiff Miguel Vazquez.

IT IS SO ORDERED.

Dated:   **May 28, 2020**              /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE